In re Virginia POTTER, Individually
and d/b/a Architectural Designers
and Associates, Debtor.

Waymon and Barbara
WITTMAN, Plaintiffs,

v.

Virginia POTTER, Individually and
d/b/a Architectural Designers and
Associates, Debtor/Defendant.

Bankruptcy No. 87 B 3043.

Adv. No. 87 A 678.

United States Bankruptcy Court,
N.D. Illinois, E.D.

June 28, 1988.

Adrianne S. Harvitt, Harvitt & Gekas, Chicago, Ill., for debtor.

John Cresto, Amy M. Hane, Schiller-strom & Cresto, Naperville, Ill., for plaintiffs.

David R. Brown, Arkin & Brown, River Forest, Ill., trustee.

## MEMORANDUM DECISION

ROBERT E. GINSBERG, Bankruptcy Judge.

This matter comes before the Court on the Debtor/Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 as applied to bankruptcy proceedings by Bankruptcy Rule 7056.

### FACTS [1]

In 1986, Waymon and Barbara Wittman were residing in New Jersey but were planning on relocating to Illinois. On or about July 13, 1986, the Wittmans were introduced to Virginia Potter, the Debtor, by Bonnie Taylor, an Illinois real estate agent contacted by the Wittmans. Bonnie Taylor took the Wittmans to see a home Ms. Potter was showing at the Calvacade of Homes in Naperville, Illinois. Ms. Potter gave the Wittmans a card bearing the name of her business, "Architectural Designers and Associates", and also bearing the name "Virginia Potter, Architectural Designer". The Wittmans were impressed by the home they were shown. Ms. Potter told them that she would build a similar home for them.

The Wittmans said that they wanted a lot with trees and Ms. Potter suggested Lot 26 in the Brighton Ridge Subdivision, in Naperville. Ms. Potter showed the Wittmans the plot plan of Lot 26 and took them to the

---

1. The facts are derived primarily from the Debtor's statement of uncontested fact submitted under Local Bankruptcy Rule 12(e) which was not controverted by the respondents. *See* Local Rule 12(f).

outskirts of the plot. They then went to Ms. Potter's house/office to discuss the Wittmans' new home. At that time Ms. Potter gave the Wittmans several articles about herself in which she was interviewed and portrayed as a reputable and reliable builder.

During the discussion at Ms. Potters' home/office the Wittmans told her that they wanted to buy Lot 26 and have her build a home on it. She told them that this and other lots would be in a lottery the following Wednesday, and that she needed a $10,000 deposit to show the developer that she had a legitimate contract for the lot. That afternoon, the Wittmans gave Bonnie Taylor a personal check for $10,000 made payable to Remax as a deposit for Lot 26. On July 14, 1986, Ms. Potter called the Wittmans in New Jersey and told them to send a cashier's check for $10,000 because the personal check they had left would take too long to clear. Mr. Wittman then sent Ms. Potter a cashier's check.

On or about the week of July 21, 1986, Mr. Wittman returned to Chicago. During his stay, he conducted a brief investigation of Ms. Potter's company and was told by several persons that she was a reliable builder. He also met with Ms. Potter to discuss the architectural plans for his house.

On August 5, 1986, Mr. Wittman met with Mr. and Ms. Potter and signed a construction contract which provided that Ms. Potter would pour the foundation within 60 days. Ms. Potter requested an $89,250 deposit and Mr. Wittman wrote out a check for that amount. Ms. Potter failed to comply with the contract. On February 26, 1987 Ms. Potter filed a bankruptcy petition in this Court. On July 29, 1987, the Wittmans filed a complaint to determine the dischargeability of the debt owed to them by Ms. Potter pursuant to 11 U.S.C. § 523(a)(2)(A).

## THE STANDARD FOR SUMMARY JUDGMENT

To prevail in a motion for summary judgment, the moving party must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure made applicable to adversary proceedings in the bankruptcy court by Bankruptcy Rule 7056. Rule 56 provides that summary judgment

> ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue as to any material fact* that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56 (emphasis added).

The burden is on the moving party to show that no issue of material fact is in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hossman v. Spradlin*, 812 F.2d 1019, 1020 (7th Cir.1987). Furthermore, the evidence must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Moore v. Market Place Restaurant, Inc.*, 754 F.2d 1336, 1339 (7th Cir.1985).

## DISCUSSION

A debt arising from "false pretenses, a false representation, or actual fraud" is nondischargeable under 11 U.S.C. § 523(a)(2)(A). The Plaintiffs argue that the money Debtor/Defendant owes them for breach of the construction contract is nondischargeable because it was for money the Debtor obtained as a result of false representations. The Debtor denies that any false representations were made and further argues that she is entitled to summary judgment, as a matter of law, because there is no genuine issue as to any material fact.

■ It is undisputed that the Plaintiffs paid the Debtor $99,250 in order to build them a home. It is also undisputed that the Debtor/Defendant never built that home and never returned the money to the Plaintiffs. However, subsequent conduct which is contrary to a former representation by the Debtor does not necessarily establish that the original representation

was false. The real issue in this case is the Debtor's intent at the time that she entered into the contract.

Generally, questions of motive and intent are particularly unsuited for determination by summary judgment because they involve credibility determinations. Such determinations are best made by examining the demeanor and testimony of the parties. *In re Metro Shippers, Inc.,* 78 Bankr. 747, 751 (Bankr.E.D.Pa.1987); *Matter of Warner,* 65 Bankr. 512, 520 (Bankr.S.D.Ohio 1986). Bankruptcy courts have traditionally held that allegations of fraud which involve factual issues of intent are not capable of resolution by summary judgment. *Id.*

The issue of whether the Debtor made false representations to the Plaintiffs in order to obtain the $99,250 deposit is unresolved. There are conflicting allegations regarding the facts surrounding the payment. In particular, Mr. Wittman's deposition and sworn affidavit sufficiently establish that there is a genuine issue as to a material fact. If the Plaintiffs can prove by clear and convincing evidence that the Debtor had no intention of performing under the contract at time she took their money, the debt they are owed by Ms. Potter will not be discharged in this case. *See generally In re Kimzey,* 761 F.2d 421 (7th Cir.1985). Thus, the Motion for Summary Judgment must be denied.

██ Plaintiffs also argue that the Debtor had a fiduciary duty to segregate their funds and, thus, the debt is nondischargeable because it falls under 11 U.S.C. § 523(a)(4). Section 523(a)(4) provides that debts arising from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" are not dischargeable.

The resolution of the issue of who is a fiduciary is to be determined under federal law. *See In re Short,* 818 F.2d 693 (9th Cir.1987); *In re Gans,* 75 Bankr. 474 (Bankr.S.D.N.Y.1987). State law may, however, be relevant to the resolution of the issue. *Id.* To be considered a fiduciary for dischargeability purposes the Debtor must be found to have been the trustee of an express or technical trust. *See Kwi-*

*at v. Doucette,* 81 Bankr. 184 (D.Mass. 1987); *Matter of Campbell,* 79 Bankr. 496 (Bankr.M.D.Fla.1986). No express or technical trust exists here. Therefore 11 U.S. C. § 523(a)(4) does not apply.

CONCLUSION

IT IS HEREBY ORDERED that the Debtor/Defendant's Motion for Summary Judgment is DENIED. This matter is set for pretrial on July 18, 1988, at 9:00 a.m.