**Tyrone CHAVERS, Sr., Plaintiff,**

**v.**

**Gordon A. ABRAHAMSON, Warden, and John Doe, correction officials, sued in their individual and official capacities, Defendants.**

**No. 92–C–744.**

United States District Court, E.D. Wisconsin.

Sept. 29, 1992.

Tyrone Chavers, Sr., pro se.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

Plaintiff Tyrone Chavers, currently incarcerated at the Green Bay Correctional Institution, seeks redress under 42 U.S.C. § 1983 from defendants Abrahamson and Doe in "their individual and official capacities." Mr. Chavers' civil rights complaint is accompanied by a petition to proceed in forma pauperis. This petition will be granted.

In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) and (d). The court is

obliged to give Mr. Chavers' pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

■ Mr. Chavers' affidavit of indigence indicates that his only source of income is "gifts from friends and relatives [of] amounts unknown." He lists no other assets and states that he has debts and obligations consisting of "large amounts [of money]." Accordingly, I conclude that Mr. Chavers has satisfied the requirements of § 1915(a) and is unable to pay the costs of commencing this action.

■ Mr. Chavers must next demonstrate that his civil rights action has merit as required by 28 U.S.C. § 1915(d). An action is frivolous, for purposes of § 1915(d), if there is no arguable basis for relief either in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

In his complaint, Mr. Chavers alleges that the defendants confiscated his "carbon papers," "legal folders" and "law books" he had in his possession upon arrival at Dodge Correctional Institution [DCI]—his place of confinement presumably before he took up residence at the Green Bay Correctional Institution. Mr. Chavers further alleges that the defendants gave him the choice of having "his law books mailed home" or "trashed." Mr. Chavers' complaint indicates that his books were ultimately sent home to his wife. Mr. Chavers' complaint also states that "these law books were for the challenge ... [of my] ... criminal conviction pending in federal court." Mr. Chavers seeks, among other relief, $10,000 in compensatory damages against each defendant and "such other relief in the amount of $20,000,000."

The gravamen of Mr. Chavers' 42 U.S.C. § 1983 action appears to be that the defendants unlawfully deprived him of his constitutional right to have meaningful access to the courts by separating him from his "law books," "carbon paper" and "legal folders." Mr. Chavers' § 1983 complaint also suggests another possible constitutional violation by the defendants—that being the deprivation of Mr. Chavers' property without out due process of law in contravention of the Fourteenth Amendment and 42 U.S.C. § 1983.

■ The Supreme Court has acknowledged that the fundamental constitutional right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). However, the law is clear in this circuit that the mere assertion by an inmate that prison authorities intentionally deprived an inmate of his "legal papers, transcripts and law books ... fails, without more, to demonstrate a constitutionally significant deprivation of meaningful access to the courts." *Hossman v. Spradlin*, 812 F.2d 1019, 1022 (7th Cir.1987). Only if the "legal papers, transcripts and law books" are "crucial or essential to a pending or contemplated appeal" would a deprivation of such items from a prisoner rise to the level of a "constitutionally significant deprivation." *Id.*

Mr. Chavers' actual complaint only refers generally to "law books," "carbon paper" and "legal folders." However, an attachment to his complaint—his "Inmate Complaint"—indicates that his "law books" consisted of "Wis. States [sic] of 87–89, Mannville self-help litigation manual and supplement, Federal Rules Book, Civil, Evidence, Criminal Procedures, etc., [and] Western Publisher Law Enforcement Procedures." His "Inmate Complaint" also states that "The Dodge correctional officer's did let me keep in my procession [sic] my trial transcripts and photo copies of cases of law, legal papers and police documents, lawyer letters and etc." Another attachment to Mr. Chavers' complaint—the "Inmate Complaint Investigator's Report"—states that "all of the law books [Mr. Chavers] would need are available in the [prison] law library."

A review of Mr. Chavers' complaint along with its numerous attachments. re-

veals that none of the law books and legal materials that were taken from Mr. Chavers can be considered "crucial or essential to a pending or contemplated appeal" especially in light of the fact that such books and materials, or adequate substitutes, were available to Mr. Chavers at the prison law library. Furthermore, Mr. Chavers acknowledges himself that he was allowed to keep those documents "essential" to his ongoing litigation (i.e. transcripts, police reports, etc.). Thus, Mr. Chavers' claim that he was unlawfully deprived of meaningful access to the courts when the defendants deprived him of his law books and legal materials is "frivolous" for purposes of § 1915(d) as it has no arguable basis in law.

■ The next inquiry is whether Mr. Chavers, nevertheless, has an arguable basis in law to contend that he was unlawfully deprived of his property without due process of law in violation of the Fourteenth Amendment and 42 U.S.C. § 1983. Mr. Chavers certainly had a property interest in his law books and legal materials. *See Caldwell v. Miller,* 790 F.2d 589, 608 (7th Cir.1986).

To the extent that Mr. Chavers is contending that the defendants' deprivation of his law books and legal materials was *unauthorized intentional conduct,* the Supreme Court has made clear that the Due Process Clause of the Fourteenth Amendment is not implicated where the state has provided a meaningful postdeprivation remedy for such a loss. *See Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984). Wisconsin law provides numerous postdeprivation remedies for such property deprivations. *See, e.g.,* Wis.Stats. §§ 893.80, 893.82, 895.01, 968.20. The court has found no authority to suggest that these state remedies are inadequate; thus any assertions by Mr. Chavers that the defendants intentionally deprived him of his property is not actionable under the Fourteenth Amendment. Accordingly, if Mr. Chavers' claim is construed as a claim for an *intentional but unauthorized* property deprivation it must be deemed "frivolous" for purposes of 28 U.S.C.

§ 1915(d) as it has no arguable basis in law.

■ Mr. Chavers' complaint and its attachments, however, strongly suggest that the defendants were *authorized* by the state to confiscate Mr. Chavers' law books and materials upon his arrival at DCI. The Wisconsin Administrative Code states that:

Inmates are permitted to have personal property in their possession in an institution in accordance with this section and policies made by the institution pursuant to this section ... Each institution shall keep a written list of the personal property items permitted at that institution.

Wis.Admin.Code § DOC 309.35(1) & (2) (Apr.1990). Apparently law books and legal materials are not on DCI's list of "permitted" personal property. I reach this conclusion because the "Inmate Complaint Investigator's Report," filed with Mr. Chavers' complaint, states that "The Internal Management Procedures [presumably of DCI] specifically indicate that only Bibles or Korans are allowed upon admission [into DCI]."

There is little dispute that the "due process rights of prisoners ... are not absolute; they are subject to reasonable limitation or retraction in light of the legitimate security concerns of the [correctional] institution." *Bell v. Wolfish,* 441 U.S. 520, 554, 99 S.Ct. 1861, 1882, 60 L.Ed.2d 447 (1979). Consequently, the confiscation of hardbound books that can be used to secret weapons and other contraband has been held lawful where prison officials have declared a prison emergency. *See Caldwell,* 790 F.2d at 609. Thus, "to the extent that prison officials further their interest in security and order in a reasonable and non-arbitrary manner, property claims of inmates must give way." *Id.*

There is no indication, however, in Mr. Chavers' complaint, that he was deprived of his law books and legal materials for security reasons or that such items were not included on DCI's list of "permitted" personal property because of concerns over prison security. Furthermore, nothing in Mr. Chavers' complaint, or the attachments appended to it, indicate that the defendants

afforded Mr. Chavers adequate due process to challenge the DCI policy of prohibiting inmates from possessing their own law books and legal materials. Thus, at this early stage of proceedings, I must conclude that Mr. Chavers' complaint, liberally construed, states an arguable claim for relief under the Fourteenth Amendment and 42 U.S.C. § 1983.

While the defendants may later demonstrate that Mr. Chavers had no protected property interest in retaining his law books and legal materials because of valid penological objectives related to prison security and that Mr. Chavers was afforded adequate due process, 28 U.S.C. § 1915(d) does not require that the court construct, without the benefit of the defendants' input, a response to Mr. Chavers' claim. Accordingly, the defendants will be called upon to respond to the allegations contained in Mr. Chavers' complaint.

### ORDER

Therefore, IT IS ORDERED that Mr. Chavers' petition for leave to proceed in forma pauperis be and hereby is granted.