917 F.2d 1306
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald L. KNESS, Plaintiff-Appellant,
v.
Ken SONDALLE, et al., Defendant-Appellant.
 No. 89-3771.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 30, 1990.[1]
Decided Nov. 8, 1990.
 
 Before BAUER, Chief Judge, and WOOD, JR. and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Donald L. Kness, a state prisoner, appeals the district court's dismissal of his civil rights complaint under 28 U.S.C. Sec. 1983 for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). We affirm.
 
 I.
 
 2
 Kness is a prisoner at the Waupun Correctional Institution at Waupun, Wisconsin. Pursuant to a prison disciplinary proceeding finding him guilty of "gambling", Kness was confined to the "Adjustment Center" for 20 days in November of 1988. During this time he had no direct access to the prison law library or legal assistants, but could request specific volumes. He claims that his lack of access to adequate law library facilities or trained legal personnel prevented him from researching the legality of the prison disciplinary proceedings that landed him in the adjustment center as well as "other personal legal problems; thus, unconstitutionally denying him access to the courts.
 
 II.
 
 3
 Although prisoners have a fundamental constitutional right to adequate, effective and meaningful access to the courts, Bounds v. Smith, 430 U.S. 817, 821-2 (1977), that access is not unlimited. See Hossman v. Spradlin, 812 F.2d 1019, 1021 (7th Cir.1987). To state a claim of deprivation of this right Kness must show that he was prejudiced by the prison's 20 day denial of his access to the law library. DeMallory v. Cullen, 855 F.2d 442, 448 (7th Cir.1988) (a showing of prejudice is required where the access to legal materials is only minor or temporary).
 
 
 4
 On appeal Kness claims that the set of facts alleged in his complaint is sufficient to show the requisite prejudice. We think not. Kness has not made even a minimal showing that he missed any scheduled deadlines, was unable to pursue any pending or anticipated court actions or that he suffered a detrimental effect of any kind in any court proceeding. Bruscino v. Carlson, 854 F.2d 162, 167 (7th Cir.1988). Kness' bare assertion that he intended to do research on a possible state habeas corpus challenge to his placement in the adjustment center and other personal legal matters (apparently a possible suit to recover $15.00 owed him by the Iowa state prison authorities) does not demonstrate even minimal detriment resulting from the temporary denial of library privileges. See Howland v. Kilquist, 833 F.2d 639, 643 (7th Cir.1987) (court has consistently required that some showing of detriment caused by the challenged conduct must be made in order to succeed on a claim alleging a deprivation of the right to meaningful access to the courts).
 
 
 5
 Although this court in DeMallory held that a substantial and continuous limit on access to legal materials carries an inherent allegation of prejudice, DeMallory, 855 F.2d at 449, the twenty days alleged in this case do not rise to this level. See Campbell v. Miller, 787 F.2d 217, 227 (7th Cir.), cert. denied, 107 S.Ct. 673 (1986) (eight day delay held not a per se denial of meaningful access to the courts). Kness' claim is unsupported by the requisite minimal showing of prejudice and was properly dismissed for failure to state a claim.
 
 
 6
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record