968 F.2d 1218
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Enrique PARDO, Plaintiff/Appellant,
v.
James A. CHRANS and Michael P. Lane, Defendants/Appellees.
 No. 91-2599.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1992.*
Decided July 16, 1992.
 
 Before BAUER, Chief Judge, and FLAUM, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Inmate Enrique Pardo brought this suit pursuant to 42 U.S.C. § 1983 against prison officials James Chrans and Michael Lane, alleging violations of his constitutional rights during a lockdown at the Pontiac Correctional Center in 1987, which lasted from September 3, 1987 until November 19, 1987. Mr. Pardo raised eight claims in his complaint, six of which were dismissed for failure to state a claim. Fed.R.Civ.P. 12(b)(6). Mr. Pardo then filed a motion for summary judgment, attaching supporting affidavits. The defendants opposed the motion and filed a cross-motion for summary judgment on the remaining two claims. The district court denied Mr. Pardo's motion and granted the defendant's motion. On appeal, Mr. Pardo, pro se, argues only that the district court erred in dismissing his claim of denial of access to the courts during the lockdown for lack of jurisdiction.
 
 
 2
 In his complaint, Mr. Pardo alleged that during the lockdown he had requested, on a number of occasions, certain legal materials consisting of cases and books from the law library to assist him in the drafting of a mandamus petition in connection with his recent parole denial. In his affidavit, he alleged that he did not receive the materials requested and believed that during the lockdown the law library services had either been severely curtailed or did not exist. The defendants submitted affidavits and exhibits which indicated that, during the six-week period of the lockdown, the prisoners were provided with alternative resources for assistance and legal services. Inmates could receive assistance by submitting requests for legal materials or from paralegals who visited the cellhouses. The defendants presented evidence that paralegals visited Mr. Pardo's cellhouse three times during the lockdown and that over 500 inmate requests for legal materials or assistance were recorded and responded to during the lockdown, none of which were from Mr. Pardo. The district court determined that the evidence revealed that Mr. Pardo, not having taken advantage of the alternative resources, had not personally suffered a denial of library services. The district court further reasoned that, because Mr. Pardo had not suffered an injury-in-fact, he had no standing to pursue his denial of access to the courts claim, which the district court consequently dismissed for lack of jurisdiction.
 
 
 3
 To establish standing, without which the case or controversy requirement of Article III of the Constitution is not satisfied and a federal court is without jurisdiction, a litigant must demonstrate that he has suffered an actual or threatened injury to himself--an injury that is "concrete in both a qualitative and temporal sense." Whitmore v. Arkansas, 495 U.S. 149, 155 (1990). A prisoner has a constitutional right of access to the courts that must be "adequate, effective, and meaningful." Bounds v. Smith, 430 U.S. 817, 821-22 (1977). Although "[p]rison officials have an affirmative duty to provide inmates with reasonable access to courts, ... reasonable access does not mean unlimited access." Martin v. Davies, 917 F.2d 336, 338 (7th Cir.1990); see also Shango v. Jurich, No. 89-2620, slip op. at 6-7 (7th Cir. June 2, 1992) (where there are legitimate security considerations, certain restrictions are permissible).
 
 
 4
 Mr. Pardo stated in his affidavit submitted in opposition to the defendants' summary judgment motion that he requested materials which he never received and that he called out from his cell to the paralegal who was assigned to his gallery, but that she did not respond to his call. The evidence introduced by the defendants did not address Mr. Pardo's allegation that the paralegal did not respond to his call. Thus, we find that Mr. Pardo has sufficiently alleged an injury traceable to the defendants to have standing to raise this claim.[1]
 
 
 5
 However, even if Mr. Pardo could establish that he was denied access to the courts during the lockdown period, he has not alleged any prejudice from such denial. Even a pro se plaintiff in a § 1983 case "must 'allege some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation.' " Shango, No. 89-2620, slip op. at 7 (quoting Hossman v. Spradlin, 812 F.2d 1019, 1022 n. 2 (7th Cir.1987)). This Mr. Pardo has not done. While he alleged that during the temporary period of the lockdown he was denied materials that he needed to draft a mandamus petition, he has not sufficiently alleged any prejudice from the alleged denial. Martin, 917 F.2d at 341 (plaintiffs must plead prejudice when challenging occasional or minor restrictions on library access). Because no genuine issue exists as to any material facts, Fed.R.Civ.P. 56(c), the defendants were entitled to summary judgment on this claim.
 
 
 6
 Accordingly, the district court's dismissal of this issue for lack of jurisdiction is REVERSED. We REMAND for entry of summary judgment in the defendants' favor.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Attached to Mr. Pardo's appellate brief are copies of letters purporting to be requests for legal materials dated during the period of the lockdown. These materials were never filed with the district court and have not been made part of the record. Therefore, we will not consider them. See United States v. Phillips, 914 F.2d 835, 840 (7th Cir.1990) ("An appellant may not attempt to build a new record on appeal with evidence that was never admitted in the court below.")