991 F.2d 799
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Marshall JACKSON, Plaintiff-Appellant,
v.
Thomas D. HANLON, et al., Defendants-Appellees.
 No. 92-1669.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 30, 1993.*
Decided March 31, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Inmate Marshall Jackson alleged that prison officials violated the constitution by opening his legal mail outside of his presence. See Wolff v. McDonnell, 418 U.S. 539 (1974). A magistrate judge held a hearing and recommended finding for the defendants, and the district court adopted that recommendation. Agreeing with the analysis and conclusions of both the magistrate judge and the district judge, we affirm for the reasons stated in the magistrate judge's "Report of Evidentiary Hearing and Recommended Findings and Judgment" and the district court's "Entry," both of which are attached.[1]
 
 ATTACHMENT
 
 2
 UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA
 
 INDIANAPOLIS DIVISION
 
 3
 Marshall Jackson, Plaintiff,
 
 
 4
 v.
 
 
 5
 T. HANLON, SUPT., LT. JOLLY, M.S.U. HEAD, SGT. FUNK, M.S.U.
 
 
 6
 SUP. L. SHELLY, HOSP. HEAD, K. BUTTS, INVEST. J.
 
 
 7
 COLLINS, INVEST, Defendants.
 
 CAUSE NO. IP 89-193-C
 
 8
 REPORT OF EVIDENTIARY HEARING AND RECOMMENDED FINDINGS AND JUDGMENT
 
 
 9
 This matter came before the undersigned United States Magistrate Judge for evidentiary hearing, report and recommendation, upon reference from the Honorable Sarah Evans Barker, United States District Judge, pursuant to Title 28 U.S.C. Section 636. See McCarthy v. Bronson, --- U.S. ----, 111 S.Ct. 1737 (1991). The hearing was held on the 13th day of January, 1992. The plaintiff appeared in person and without counsel. The defendants appeared by David Nowak, Deputy Attorney General of the State of Indiana.
 
 
 10
 The matter was submitted and evidence heard on the plaintiff's claim of violation of his First and Sixth Amendment rights by the opening and reading of mail between prisoners and their attorneys; all other claims having been dismissed prior to the granting of leave to proceed in forma pauperis. The plaintiff tendered one (1) witness, himself. The defendant tendered no witnesses. The plaintiff submitted fourteen (14) exhibits, all of which were admitted into evidence without objection from the defendants. The defendants submitted no exhibits.
 
 
 11
 The Magistrate Judge, being duly advised on the premises and having heard and reviewed the pleadings, testimony and documents, now makes his recommended findings of fact, conclusions of law and proposed judgment.
 
 FINDING OF FACTS
 
 12
 1. This action was tendered to the Court for filing on March 9, 1989. Leave to proceed in forma pauperis was denied. Upon appeal, the Seventh Circuit Court of Appeals determined that plaintiff's claim concerning alleged interference with his legal mail was a recognized claim and should be allowed to go forward. Leave to proceed was granted in March, 1991, following the receipt of the mandate of the Court.
 
 
 13
 2. The plaintiff is an inmate in the Maximum Security Unit (hereinafter "MSU") at the Indiana State Farm (hereinafter "ISF") located near Putnamville, Indiana. The ISF is a correctional facility operated by the Department of Corrections (hereinafter "DOC") of the State of Indiana.
 
 
 14
 3. The defendants, T. Hanlon, Lt. Jolly, Sgt. Funk, K. Butts, J. Collins, Lovett, Sandifer, D. Gard, Hendrix and J. Louderback, are employees of the DOC assigned to the ISF in various capacities.
 
 
 15
 4. The plaintiff testified that his legal mail has been opened outside of his presence on at least five (5) occasions since his transfer to the ISF in 1988. In July, 1991, Mr. Jackson received a bundle of records from the Indiana Attorney General's office in response to a motion to produce in this action. The envelope was opened. However, Plaintiff's Exhibit 2, Offender Grievance Report, filed in connection with this incident, notes that: "The envelope had nothing on it to identify it as legal mail. It came to MSU opened and stapled shut. Officer Clinger removed the staples as you are not allowed them. When he realized it was legal material he took it to your cell and gave it to you." There is no evidence that any of the defendants opened any clearly marked legal mail in July, 1991.
 
 
 16
 5. Sometime in October, 1991, Mr. Jackson received a piece of mail that had the name of an attorney on the envelope; it was not otherwise noted as legal mail. The mail was a solicitation for a contribution by an organization that opposed the National Endowment of the Arts federal subsidies of controversial artists. Plaintiff's Exhibit 3. The communication was not legal mail.
 
 
 17
 6. Plaintiff's Exhibit 5 is a Grievance filed by plaintiff in April, 1990 and arising out of his sending out legal mail, which was apparently stapled by correctional officers in the MSU. The officer responding suggested that plaintiff send his legal work to the law library for stapling in order to avoid the staff reading his legal work. There was no evidence to support the allegation that any particular defendant read the mail in question.
 
 
 18
 7. Plaintiff also testified that in January 1991, October 1989, and December, 1988 he also received previously opened legal mail. In each incident, staff members with whom he talked stated that whatever the condition of the mail when received by plaintiff, it had been received in the same condition by the staff. There was no evidence to support the allegation that any particular defendant opened or damaged the mail involved or that it was clearly marked as legal mail.
 
 
 19
 8. During the period from June 1988 through September 18, 1991, the plaintiff's "Legal Mail Log" contains one hundred (100) entries covering a number of lawsuits in both state and federal courts on the trial and appellate levels. Exhibit 8. During this period, Mr. Jackson had filed six (6) suits in this court and at least two in the United States Court of Appeals for the Seventh Circuit in Chicago, Illinois.
 
 
 20
 9. The plaintiff offered no direct evidence of any wrongdoing as to any of the individual defendants.
 
 
 21
 10. The plaintiff offered no evidence to support allegations that his access to the courts was inhibited, curtailed or interfered with in any manner. The records of this court shows that the plaintiff has been able to litigate his various lawsuits without hinderance.
 
 
 22
 11. If necessary to sustain the judgment herein any finding of fact shall be construed to be a conclusion of law and any conclusion of law as a finding of fact.
 
 CONCLUSIONS OF LAW
 
 23
 1. This court has jurisdiction of the parties and subject matter pursuant to Title 32 U.S.C. Section 1983 and Title 28 U.S.C. Section 1343(3).
 
 
 24
 2. This action is for a violation of the First and Sixth Amendments to the Constitution of the United States of America.
 
 
 25
 3. Plaintiff has failed to prove by a preponderance of the evidence the material allegation that his legal mail was opened out of his presence or that the mail was read by unauthorized persons and that his right of access to the courts has been violated.
 
 
 26
 4. Plaintiff has failed to prove by a preponderance that any of the named defendants, individually or in concert with others, opened his legal mail out of his presence or hindered his access to the courts in any manner.
 
 
 27
 5. Plaintiff has failed to prove by a preponderance of the evidence that any of the named defendants, individually or in concert with others, read his incoming or outgoing mail during the period in question.
 
 
 28
 6. Plaintiff has failed to prove by a preponderance of the evidence that he suffered any damage as a result of the occasional opening of several pieces of legal mail during the past four years.
 
 
 29
 7. The law is with the defendants and against the plaintiff. The defendants are entitled to judgment in their favor as the defendants did not violate the plaintiff's constitutional rights.
 
 
 30
 8. If necessary to sustain the judgment herein, any conclusion of law shall be construed as a finding of fact and any finding of fact as a conclusion of law.
 
 MEMORANDUM
 
 31
 The statute authorizing actions for the redress of constitutional violations provides for the impositions of a damage award against any person who, acting in his official governmental position, knowingly subjects a person to the deprivation of any right, privilege or immunity, secured or protected by the Constitution or laws of the United States. The focus of Section 1983 is on the "(m)isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Monroe v. Pape, 365 U.S. 167, 184, (1961).
 
 
 32
 The United States Supreme Court first addressed the issue of censorship and regulation of inmate mail in Procunier v. Martinez, 416 U.S. 396 (1974). The rules were refined in Wolff v. McDonnell, 418 U.S. 539 (1974) in which the Court held that mail between an inmate and his counsel was protected by the Sixth Amendment.
 
 
 33
 It has long been held that an inmate has a constitutional right of access to the courts for pursuing post-conviction remedies and for challenging the conditions of his confinement. Officials have an affirmative duty to provide constitutionally adequate access and bear the burden of demonstrating the adequacy of the means chosen. However, an inmate's right of access is not unconditional. "The constitutionally relevant benchmark is meaningful not total or unlimited access." Caldwell v. Miller, 790 F.2d 589, 606 (7th Cir.1986); Campbell v. Miller, 787 F.2d 217, 225-226 (7th Cir.1986), cert. denied, 479 U.S. 1019 (1986).
 
 
 34
 Every claim against a prison officer for opening legal mail does not automatically rise to a constitutional level where, as here, there is no evidence to indicate a pattern or practice on the part of the prison employees of opening or interfering with the delivery of legal mail, or where legal mail is opened on occasion through inadvertence or negligence. Hendrix v. Faulkner, 525 F.Supp. 435, 455 (N.D.Ind.1981).
 
 
 35
 In order to prove a claim under a theory of denied access, the plaintiff must prove "some quantum of detriment caused by the challenged conduct ... resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." Hossman v. Spradlin, 812 F.2d 1019, 1022 n. 2 (7th Cir.1987). Plaintiff has failed to present any evidence of detriment to his ongoing legal crusade in the state and federal courts. The court could infer from the evidence that some hanky-panky was going on in relation to the legal mail. However, the most plausible inference from the record is that the three established violations of the mail regulations were inadvertent as ninety-seven other pieces of legal mail were properly delivered during the three (3) year period.
 
 
 36
 It is clear that the three pieces of mail were opened out of the plaintiff's presence. They should not have been. Someone erred. It seems equally clear that the error was one of human frailty and not of intentional, malevolent design to injure plaintiff. During a period of less than one (1) year, Mr. Jackson, from his cell in the MSU, filed six (6) separate causes of action in this court alone. See Docket Numbers IP 89-193-C, IP 89-282-C, IP 89-420-C, IP 89-490-C, IP 89-1084-C, IP 90-57-C. Mr. Jackson also filed appeals in the Seventh Circuit Court of Appeals in this case and in IP 89-420-C. It is obvious that the alleged mail openings did not impact his busy practice.
 
 
 37
 If the court accepts plaintiff's testimony at face value, there was only one occasion of alleged mail opening prior to the tendering of this action in early 1989. This hardly indicates a pattern or practice. His present documentation shows that in ninety-seven (97) opportunities out of one hundred (100) the legal mail was properly handled. This is not an unacceptable percentage. This lawsuit is "much ado about nothing." Plaintiff did receive his legal mail without loss or prejudice and he is not entitled to relief.
 
 
 38
 Mr. Jackson's First Amendment claim is likewise meritless as there was a complete absence of any evidence to support his claim and he is not entitled to relief.
 
 
 39
 The undersigned United States Magistrate Judge recommends to the United States District Judge the adoption of this report, recommendation and memorandum.
 
 
 40
 Dated this 4th day of February, 1992.
 
 
 41
 /s/ J. PATRICK ENDSLEY, Magistrate Judge
 
 United States District Court
 Southern District of Indiana
 Mr. Marshall Jackson
 
 42
 # 11048
 
 Indiana State Farm
 1500 West U.S. 40
 Greencastle, Indiana 46135
 Honorable Linley E. Pearson
 Attorney General of Indiana
 
 43
 Attn: David A. Nowak, D.A.G.
 
 219 State House
 Indianapolis, Indiana 46204
 ENTRY
 
 44
 This matter is before the Court on the Magistrate Judge's "Report of Evidentiary Hearing and Recommended Finding and Judgment" and the plaintiff's "Objections" thereto.
 
 
 45
 The plaintiff's first objection is that his motion for a continuance of the trial date in this matter was denied by the magistrate judge. Mr. Jackson asserts that the case was set only ten (10) days prior to the trial date and that he had insufficient time to prepare for trial. The Court now finds that the objection is not well taken. The plaintiff had more than nine (9) months from the time that leave to proceed was granted to prepare his case for trial and that he was not prejudiced by the trial date setting in this cause in light of the joint trial recommendation made by the Court of Appeals in January, 1991.
 
 
 46
 Mr. Jackson next complains that the trier of fact was biased and prejudiced and should be disqualified; his only grounds being that the magistrate judge had previously conducted an evidentiary hearing in another case. Such reason is not grounds for disqualification.
 
 
 47
 Mr. Jackson next wishes to expand the record by submitting additional documents consisting of the answers to interrogatories not previously offered in evidence. Such documents, even if accepted by the court, which they are not, would still fall short of establishing a case for a violation of plaintiff's Sixth Amendment right of access to courts.
 
 
 48
 The plaintiff then asserts a general objection to findings five (5) through eleven (11) as error but fails to inform the court of the basis upon which Mr. Jackson asserts such error. The plaintiff's exhibits and testimony are reviewed by the magistrate judge and his findings are based on matters in the evidence. Our review satisfies the Court that Mr. Jackson received a fair and impartial evidentiary hearing and that the findings are supported by the evidence.
 
 
 49
 The Court, having considered the Magistrate Judge's Report and having given de novo consideration to the specific objections as contained in pages one (1) through six (6) of Mr. Jackson's pleading, and being duly advised, now FINDS that the Magistrate Judges's Report and Recommended Finding and Judgment should be and is hereby APPROVED and ADOPTED by the Court.
 
 
 50
 IT IS THEREFORE, CONSIDERED AND ADJUDGED that plaintiff take nothing by way of his complaint and that defendants have judgment against the plaintiff. Costs versus plaintiff.
 
 
 51
 Dated this 8th day of March, 1992.
 
 
 52
 /s/ SARAH EVANS BARKER, Judge
 
 United States District Court
 Southern District of Indiana
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 One minor amendment to the magistrate judge's report is necessary: on page five, fifth line, it should be "42 U.S.C." not "32 U.S.C."