12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William B. CARR, Plaintiff-Appellant,
v.
Kenneth L. McGINNIS, et al., Defendants-Appellees.
 No. 91-3602.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 19, 1993.*
Decided Nov. 19, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judge.
 
 ORDER
 
 1
 William B. Carr, currently an inmate of the Dixon Correctional Center, brought this civil rights action against six former and present employees of the Illinois Department of Corrections alleging several violations of his constitutional rights. 42 U.S.C. Sec. 1983. In an unpublished order we affirmed the district court's dismissal of all but one claim, in which Carr alleged that the defendants denied him access to the courts by confiscating and retaining some legal materials that were indispensable to the prosecution of a pending case. Carr v. Lane, No. 89-1870 (7th Cir. Apr. 5, 1990). On remand, the district court entered summary judgment in the defendants' favor. We affirm.
 
 I. BACKGROUND
 
 2
 Carr was an inmate of the Stateville Correctional Center ("Stateville") when he initiated a civil rights suit against Geraldine Lagos, an employee of Stateville, alleging that she had violated his Eighth Amendment rights by denying him treatment for his serious medical needs. While this suit was pending Carr received word that his criminal conviction had been reversed and that he would be transferred to the custody of the Sheriff of Cook County to await retrial. On December 6, 1983, Lagos filed a motion for summary judgment. On December 19, 1983, as Carr was preparing to leave Stateville, Webster Voss confiscated a file containing legal materials relating to Carr's suit against Lagos. In light of this confiscation and the subsequent refusal of the other defendants to return the file, the district court granted Carr two extensions of time (totalling 120 days) to respond to Lagos's summary judgment motion. Carr never responded and summary judgment in that case was entered against him on June 18, 1984.
 
 
 3
 Carr then initiated the present Sec. 1983 action, contending that the defendants interfered with his right of access to the courts. The district court granted the defendants' motion for summary judgment, stating that although Carr had adequately demonstrated that he had been deprived of a number of documents relating to his civil rights action against Lagos, he had failed to meet his burden of showing that the deprivation had prejudiced him. Carr filed a timely appeal.
 
 II. ANALYSIS
 
 4
 In order to prove that his right of access to the courts was violated, a prison inmate must generally show that prison officials deprived him of meaningful access to legal materials, and that this deprivation caused some detriment to his pending litigation. See Jenkins v. Lane, 977 F.2d 266, 268 (7th Cir.1992) (per curiam ); Shango v. Jurich, 965 F.2d 289, 291 (7th Cir.1992); Hossman v. Spradlin, 812 F.2d 1019, 1021-22 & n. 2 (7th Cir.1987) (per curiam ). Where an inmate shows a "direct, substantial and continuous" deprivation of access to legal materials, we do not require proof of actual detriment. See Jenkins, 977 F.2d at 268; DeMallory v. Cullen, 855 F.2d 442, 448-49 (7th Cir.1988). Such a substantial deprivation only occurs, however, if the inmate is "completely prevent[ed] ... from performing preliminary legal research, ... [and thus] cannot determine the pleading requirements of his case." Jenkins, 977 F.2d at 269 (citations omitted).
 
 
 5
 The district court was correct in ruling that the defendants' confiscation of Carr's legal file did not prevent Carr from responding to Lagos's motion for summary judgment. As the district court observed, Carr was able to present the material facts of his case against Lagos on the basis of his personal recollection, without the aid of any of the documents in his confiscated file. It follows that Carr could have responded to Lagos's motion by submitting an affidavit based on personal knowledge and that his own inaction caused Carr to lose his case against Lagos. Carr is thus unable to make the requisite showing of "actual detriment" as to his case against Lagos due to the deprivation of his legal materials.
 
 
 6
 The essence of Carr's argument on appeal is that because he was prosecuting the action against Lagos as a pro se prison inmate, he could not be expected to know that an affidavit based on personal knowledge without supporting documents from his confiscated file would have been a legally adequate response to Lagos's motion for summary judgment. Our standard for finding a substantial deprivation of access to legal materials (which would allow Carr to dispense with demonstrating prejudice) is considerably stricter than Carr apparently believes. Carr merely alleges that while at Cook County jail he no longer had the assistance of a fellow inmate who had helped him prepare his case against Lagos. Carr has not demonstrated that he was entirely prevented from performing the necessary research to determine the requirements of a legally adequate response to Lagos's summary judgment motion. In particular, he fails to show that he was prevented from discovering that an affidavit based on personal knowledge would have been sufficient under Fed.R.Civ.P. 56(e) to meet Lagos's motion. Because Carr has not shown a substantial deprivation of access to legal materials in the relevant sense, his inability to prove that the confiscation of his legal file prejudiced his case against Lagos is fatal to his present claim.
 
 
 7
 The district court's grant of defendants' motion for summary judgment is therefore
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record