25 F.3d 1053
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Taajwar Kafeel RASHEED-BEY, Plaintiff/Appellant,
v.
James E. AIKENS, Jack R. Duckworth, and Donald R. Lawless,
Defendants/Appellees.
 No. 93-1735.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1994.*
Decided May 6, 1994.
 
 Before POSNER, Chief Judge, and BAUER, and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Taajwar Kafeel Rasheed-Bey, a state prisoner in Indiana, filed suit pursuant to 42 U.S.C. Sec. 1983 alleging that he was deprived of property without due process of law in violation of the Fourteenth Amendment and was subjected to cruel and unusual punishment in violation of the Eighth Amendment. The district court granted summary judgment in favor of the defendants and we affirm.
 
 
 2
 Rasheed-Bey was housed in segregation for approximately one month during his incarceration at the Indiana Reformatory. Before entering segregation, Rasheed-Bey's personal property was inventoried and stored by the institution's staff. When Rasheed-Bey was released from segregation his property could not be found. He filed a grievance with the prison officials who found a basis for the grievance but did not reimburse Rasheed-Bey for his loss. Rasheed-Bey then filed a state tort claim in Madison County, Indiana alleging loss of property and seeking reimbursement. The claim was dismissed as untimely and it appears from the record that he did not attempt to appeal this decision as a pauper. See Ind.R.App.P. 3; Campbell v. Criterion Group, 605 N.E.2d 150 (Ind.1992). He thereafter filed this action.
 
 
 3
 We review a grant of summary judgment de novo and will affirm if it appears from the record that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970); Lister v. Stark, 942 F.2d 1183, 1187 (7th Cir.1991). We conclude that the district court correctly granted summary judgment in favor of the defendants. First, Rasheed-Bey does not prove that his property was intentionally misplaced or destroyed. Even if the actions of the prison staff were deemed intentional, an unauthorized intentional deprivation of an inmate's property does not amount to a constitutional violation where an adequate post-deprivation remedy is available. Zinerman v. Burch, 494 U.S. 113, 129 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). Because Indiana provides an adequate post-deprivation remedy, there is no denial of due process. Parratt v. Taylor, 451 U.S. 527, 541-44 (1981); see Ind.Code Sec. 34-4-16.5-1 (Indiana Tort Claims Act). Rasheed-Bey may not recover under 42 U.S.C. Sec. 1983. See Hossman v. Spradlin, 812 F.2d 1019 (7th Cir.1987); Hendrix v. Faulkner, 525 F.Supp. 435, 453, 460 (N.D.Ind.1981), aff'd in part and vacated in part sub nom. Wellman v. Faulkner, 715 F.2d 269 (7th Cir.1983), cert. denied, 468 U.S. 1217 (1984).
 
 
 4
 Second, the record does not support an Eighth Amendment violation. The Eighth Amendment prohibits prison conditions which cause "the unnecessary and wanton infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 346 (1981). Conditions triggering Eighth Amendment scrutiny include deprivations of human necessities such as food, medical care, sanitation and physical safety. DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 199-200 (1989); James v. Milwaukee County, 956 F.2d 696, 699 (7th Cir.), cert. denied, 113 S.Ct. 63 (1992). Although some of the items Rasheed-Bey lost were food stuffs, he does not allege that he was deprived of food nor does he specify any conditions that would constitute cruel and unusual punishment. See also Caldwell v. Miller, 790 F.2d 589, 600-01 (7th Cir.1986) (a prisoner's inconvenience falls outside the Eighth Amendment).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record