61 F.3d 905
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lokmar Yazid ABDUL-WADOOD, Plaintiff - Appellant,
v.
William WILSON, Defendant - Appellee
 No. 94-3309.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 29, 1995.*
Decided June 29, 1995.
 
 Before Cummings, Coffey and Rovner, Circuit Judges.
 
 ORDER
 
 1
 Lokmar Yazid Abdul-Wadood, an inmate at the Maximum Control Complex ("MCC") in Westville, Indiana, filed a complaint under 42 U.S.C. Sec. 1983 alleging that William Wilson, a MCC employee, violated his constitutional right to access to the courts. Abdul-Wadood claims that Wilson repeatedly tampered with his mail, refused to pick up and/or mail various pieces of mail, and refused to provide him with legal materials. Abdul-Wadood maintains that Wilson's action violated his right to access to the courts by delaying his ability to research and prepare legal pleadings and meet court deadlines in various civil matters. The district court dismissed Abdul-Wadood's complaint for failure to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(c). Abdul-Wadood appeals.
 
 
 2
 We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6), accepting all material allegations made in the complaint as true and drawing all reasonable inferences from the allegations in the plaintiff's favor. Kolman v. Sheahan, 31 F.3d 429, 431 (7th Cir. 1994); Scott v. O'Grady, 975 F.2d 366, 368 (7th Cir. 1992), cert. denied, 113 S. Ct. 2421 (1993). We will affirm the district court's dismissal if "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 3
 To establish a claim of denial of access to the courts, an inmate must show (1) that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law," Bounds v. Smith, 430 U.S. 817, 828 (1977) and (2) "some quantum of detriment caused by the challenged conduct of the state officials resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation." Shango v. Jurich, 965 F.2d 289, 291 (7th Cir. 1992). See also Alton v. DeBruyn, 13 F.3d 1036, 1040-41 (7th Cir. 1994). The showing of detriment is waived "where the prisoner alleges a direct, substantial, and continuous, rather than a 'minor and indirect,' limit on legal materials." Jenkins v. Lane, 977 F.2d 266, 268 (7th Cir. 1992). A substantial and continuous limitation is defined as "any restriction on counsel or legal materials that completely prevents the prisoner, or a person acting in the prisoner's behalf, from performing preliminary legal research." Id. at 269.
 
 
 4
 While Abdul-Wadood claims that Wilson has repeatedly tampered with his mail, refused to pick up and/or mail various pieces of mail, and refused to provide him with legal materials, he details only one instance where Wilson refused to mail an envelope. This instance occurred on March 1, 1994 when he gave Wilson an envelope addressed to a law firm containing what he describes as legal research materials. The only evidence that Abdul-Wadood has given in support of his allegations of routine mail delays and tampering is an assurance that he has copies of request slips showing he has repeatedly complained about Wilson's actions. This evidence is insufficient to establish that Wilson's actions amount to "substantial and continuous limitation" on Abdul-Wadood's access to legal materials. A showing of detriment, therefore, is not waived.
 
 
 5
 Abdul-Wadood has failed to show that he incurred any "quantum of detriment" from Wilson's alleged misconduct. In regard to Wilson's failure to mail the March 1, 1994 envelope, Abdul-Wadood has not specified the nature of this mail or its significance to either current or future litigation nor has he stated the nature of the detriment he incurred because the envelope was not mailed. In regard to his allegations of routine mail delays and tampering and failures to provide legal materials, Abdul-Wadood has not alleged that he missed any scheduled deadlines or made even a minimal showing that he suffered a detrimental effect of any kind in any court proceeding because of Wilson's actions.[1] Abdul-Wadood's bare assertions that he was "substantially hampered" in pursuing his various pieces of unspecified litigation, do not meet the burden of showing actual detriment. See Howland v. Kilquist, 833 F.2d 639, 643 (7th Cir. 1987) (mere assertion that defendants unreasonably interfered with attempts to conduct meaningful legal research resulted in an inability to adequately defend against an armed robbery charge and other pending litigation, without more, fails to meet burden of establishing detriment); Hossman v. Spradlin, 812 F.2d 1019, 1022 (7th Cir. 1987) (mere assertion that legal papers and law books were intentionally kept from state prisoner fails, without more, to demonstrate a constitutionally significant deprivation).
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 On appeal, Abdul-Wadood states that Wilson's failure to mail his research materials "crippled his ability to research his litigations" and the denial of legal materials "all but made it the more impossible for plaintiff to litigate his case." (Appellant's Brief at 7) Such assertions are conclusory in nature, and without more, do not establish actual detriment