165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James H. HIGGASON, Jr., Plaintiff-Appellant,
v.
COUNTY OF SULLIVAN, et al., Defendants-Appellees.
 No. 98-1467.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 20, 1998.*
Decided Nov. 25, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. No. TH 95-193-C-T/H. John D. Tinder, Judge.
 Before Hon. KENNETH F. RIPPLE, Hon. DANIEL A. MANION, Hon. MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 In 1986, James Higgason began serving a 25-year sentence for burglary at the Indiana State Prison; he previously had served sentences for theft and second degree murder. In 1994 he was transferred to the Wabash Valley Correctional Facility ("Wabash"). During his years in prison, Higgason has been a frequent litigator in the district court and in this court. He presently appeals the district court's grant of summary judgment for the defendants in an action he filed under 42 U.S.C. § 1983. Higgason alleged that the defendants, who are correctional employees at Wabash,[1] violated his due process rights and subjected him to cruel and unusual punishment by donating to charity personal property removed from his cell. On appeal, Higgason reiterates his argument that he was improperly singled out for punishment because he sought to file a tort action against one of the defendants. We affirm.
 
 
 2
 In 1994, prison officials charged Higgason with being an "habitual conduct rule violator" and, following a disciplinary hearing, sentenced him to three years of disciplinary confinement in Wabash's Secured Housing Unit ("the Unit"). Higgason alleges that upon his arrival in the Unit on April 20, 1994, security personnel informed him that his television and an assortment of other possessions were unauthorized property that he could not retain in his cell, but that he could keep in a storage facility until his departure from the Unit. Higgason complied with this procedure. On August 1, 1994, defendant Cassidy searched Higgason's cell for unauthorized property and confiscated nine books of stamps, each worth approximately six dollars. The stamps were handed over to defendant Welton, who supervises the inmate storage facility. Higgason then decided that he would rather send the stamps to his mother, and conveyed this request to Welton via defendant Eichmuller. Higgason alleges that on August 29, 1994, Welton returned Higgason's stamps to him via Eichmuller, but that one book of stamps was missing. Higgason alleges that he threatened to sue Welton in small claims court for his missing stamps, and that Welton, in retaliation for this threat, informed Higgason that he no longer would be permitted to keep his television and other possessions in storage, but would have to have them picked up by a friend or relation, sent home to his mother at his own expense, or donated to charity. In accordance with prison regulations, Higgason was given 60 days to choose among these alternatives.
 
 
 3
 Higgason, however, did not choose. Rather, he filed a grievance and requested a temporary restraining order. These proceedings remained unresolved when the 60-day grace period expired. Four days later, the defendants donated Higgason's stored possessions to charity. Meanwhile, Higgason ended his attempt to recover the six-dollar value of his missing stamps in small claims court when he learned about the $30 filing fee.
 
 
 4
 Essentially, Higgason makes two claims. First, he alleges that the defendants violated his Eighth Amendment and due process rights by donating his possessions to charity before he had exhausted his institutional and judicial appeals. Second, he alleges that the other prisoners in the Unit were allowed to keep their possessions in storage, and that he was singled out solely because he threatened to sue Welton.
 
 
 5
 With respect to the first claim, mere discomfort and inconvenience do not implicate the Constitution. For a deprivation to amount to cruel and unusual punishment, the conditions it creates must be contrary to "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 833-34 (1994)). The disposal of Higgason's possessions deprived him, at the most, of unnecessary comforts. Thus, the defendants' action did not implicate the Eighth Amendment.
 
 
 6
 To the extent Higgason contends that the defendants deprived him of his property without due process, the deprivation (whether negligent or intentional) of an inmate's property does not amount to a constitutional violation if there is an adequate post-deprivation remedy available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Because the Indiana Tort Claims Act, Indiana Code § 34-4-16.5-1 et seq., provides an adequate remedy to redress an inmate's property loss, Higgason has no basis for an action with respect to this claim under 42 U.S.C. § 1983. See Hossman v. Spradlin, 812 F.2d 1019, 1023 (7th Cir.1987).
 
 
 7
 With regard to the second claim, Higgason has failed to set forth a chronology of events from which retaliation reasonably could be inferred. See Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir.1987). Higgason's possessions were donated to charity more than two months after he threatened to sue Welton for the sum of six dollars; he could have avoided this result by sending the possessions to his mother for safekeeping pending the result of his appeals. No evidence supports Higgason's charge that the defendants conspired to punish him for filing a small claims suit against Welton. We recognize that retaliation for the exercise of a constitutionally protected right is actionable under 42 U.S.C. § 1983, even if the act, if taken for a different reason, would have been proper. See Matzker v. Herr, 748 F.2d 1142, 1150 (7th Cir.1984) (overruled on other grounds by Salazar v. City of Chicago, 940 F.2d 233, 238 (7th Cir.1991)). However, alleging merely the ultimate fact of retaliation is insufficient. Benson v. Cady, 761 F.2d 335, 342 (7th Cir.1985). Here, the record does not raise a triable inference that the plaintiff was the victim of retaliation.
 
 
 8
 We note that Higgason cannot insulate himself from adverse prison action simply by filing multiple lawsuits against the prison. Otherwise, correctional officials would be powerless to exert any control over him. In order to preserve Higgason's tort claim, however, we MODIFY the judgment of the district court to show dismissal of the property loss claim without prejudice. As so modified, the judgment is AFFIRMED in all other respects.
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Higgason originally named eleven defendants, seven of whom were properly dismissed because they were not personally responsible for the actions of which he complained. The remaining defendants are Superintendent Craig Hanks, Sergeant Max R. Welton, Officer Mark Cassidy and inmate counselor Mark Eichmuller