1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Jack D. KENNEDY, Plaintiff-Appellant,
v.
Ken SONDALE, et al., Defendants-Appellees.
 No. 91-2056.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 9, 1992.*
Decided Aug. 6, 1993.
 
 Before CUDAHY and POSNER, Circuit Judges, and RIPPLE, Circuit Judge.
 
 ORDER
 
 1
 Jack Kennedy, a prisoner at Waupun Correctional Institution (WCI), filed a pro se civil rights action pursuant to 42 U.S.C. Sec. 1983 claiming the denial of his right of access to courts. His complaint requested declaratory and injunctive relief, as well as monetary damages. With his complaint Mr. Kennedy filed a request to proceed in forma pauperis. Determining that allegations in the complaint failed to establish that the law library at WCI is inadequate or that his access was unduly restricted, the district court dismissed the action with prejudice under 28 U.S.C. Sec. 1915(d).
 
 I. ANALYSIS
 
 2
 An in forma pauperis complaint is defined as frivolous when the factual allegations and legal conclusions lack an arguable basis in either law or fact. 28 U.S.C. Sec. 1915(d); Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Because the threshold determination of frivolousness is made on the court's own motion without the benefit of responsive pleadings, the district court's inquiry is extremely limited." Smith-Bey v. Hospital Adm'r, 841 F.2d 751, 757 (7th Cir.1988). Accordingly, the initial assessment of the factual allegations made in a pro se plaintiff's in forma pauperis complaint must be liberally construed, Estelle v. Gamble, 429 U.S. 97, 105 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972), and weighed in plaintiff's favor. Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992).
 
 
 3
 Where a sua sponte dismissal is with prejudice, it is appropriate for us to consider, among other things, the pro se status of the plaintiffs, whether the court inappropriately resolved genuine issues of disputed fact, as well as, the fact that the dismissal was with prejudice. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Because dismissal of a section 1915(d) action with prejudice could have a res judicata effect on frivolousness determinations for future in forma pauperis petitions, we must consider whether the court abused its discretion in dismissing the complaint with prejudice or without leave to amend. Id.; Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 4
 The right of access to courts is an important right of prison inmates. Adams v. Carlson, 488 F.2d 619, 630 (7th Cir.1973). Prison officials bear an affirmative duty to provide inmates meaningful access to courts. DeMallory v. Cullen, 855 F.2d 442, 446 (7th Cir.1988) (citing Campbell v. Miller, 787 F.2d 217, 225-26 (7th Cir.), cert. denied, 479 U.S. 1019 (1986)); Bounds v. Smith, 430 U.S. 817, 828 (1977). However, to provide meaningful access prison officials need only provide either adequate legal aide or access to an adequate law library; they need not provide both. Shango v. Jurich, 965 F.2d 289, 291 (7th Cir.1992). However, whichever means are provided, the burden of proving the adequacy of the means lies with the prison authorities. DeMallory, 855 F.2d at 446.
 
 
 5
 Recently, this court has delineated a two-part analysis to determine whether an inmate's Fourteenth Amendment right of access to courts has been violated. Jenkins v. Lane, 977 F.2d 266, 268 (7th Cir.1992). The first part of the test requires the inmate to show that "prison officials failed 'to assist in the preparation and filling of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.' " Id. (quoting Bounds v. Smith, 430 U.S. 817 (1977)); Martin v. Davis, 917 F.2d 336, 338 (7th Cir.1990), cert. denied, 111 S.Ct. 2805 (1991). The second part of the test requires the prisoner to show " 'some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation.' " Jenkins, 977 F.2d at 268 (quoting Shango, 965 F.2d at 292).
 
 
 6
 In his complaint, Mr. Kennedy alleges that suspension of the "Paralegal Base Committee," the physical disrepair of the prison law library, and limited access time to the library (4 hours and 10 minutes per week) infringed upon his constitutional right of access to courts. The termination of the paralegal base committee does not alone deprive Mr. Kennedy of access to courts where an adequate prison library is available. Furthermore, the mere allegations that library law books have missing cases and missing pocket parts also fails to show conclusively that the library is inadequate. Hossman v. Spradlin, 812 F.2d 1019, 1021 (7th Cir.1987) ("meaningful access" does not require total or unlimited access but merely the quantum necessary to research the law and determine what may be necessary to state a claim). Yet, taken as a whole, Mr. Kennedy's allegations do raise the issue of adequacy. See DeMallory, 855 F.2d at 447. Moreover, acknowledgment that he has received legal assistance from the co-chairman of the paralegal base committee does not preclude a finding that he has been prejudiced by an earlier deprivation or a possible continual deprivation of meaningful access. Mr. Kennedy alleges that the lack of an adequate law library and the unavailability of trained legal assistance forced him to rely on the "unskilled" abilities of a fellow inmate which resulted in the denial of his initial habeas petition. Kennedy v. Kolb, No. 88-C-444, (W.D.WI. July 14, 1988) on appeal, Kennedy v. Kolb, No. 88-2608, (7th Cir.1989) (C.P.C. denied); see, e.g., DeMallory, 855 F.2d at 447 ("Dependence on untrained inmate paralegals as an alternative to library access does not provide constitutionally sufficient access to the courts"). But cf. Shango, 965 F.2d at 292 (protective-custody inmates restricted in time and area access of library and dependent on trained resident legal clerks to provide materials). Assuming these allegations prove more than a mere impingement on meaningful access, the contention that a second pending habeas petition might be denied for an abuse of the writ alleges at least "some quantum of detriment caused by the challenged conduct of the state officials." See Jenkins, 977 F.2d at 268. In sum, the plaintiff's complaint presents a number of allegations which if proven may rise to the level of a deprivation of his right of meaningful access. We are mindful that a section 1915(d) frivolousness determination, should not serve as a factfinding process for the resolution of disputed facts, and caution against the dismissal of plaintiff's allegations as frivolous without any factual development "simply because the court finds the plaintiff's allegations unlikely." Denton, 112 S.Ct. at 1733. At this stage, of course, we express no opinion as to the likelihood of success of the allegations other than to state that they are less than frivolous.[1]
 
 
 7
 For the foregoing reasons, the decision of the district court is
 
 
 8
 REVERSED and REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Although the other claims plaintiff raises in his complaint are conclusory, he nonetheless should be given the opportunity to replead these claims with more specificity before they are dismissed with prejudice. See Denton, 112 S.Ct. at 1734